IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-HC-2111-FL

| | | |
|---|---|---|
| BRYANT DENNINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| STATE OF NORTH CAROLINA,[1] | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on respondent's motion for summary judgment (DE 19) pursuant to Federal Rule of Civil Procedure 56. The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, this court grants respondent's motion.

## STATEMENT OF THE CASE

On May 18, 2016, petitioner, an inmate in the custody of the North Carolina Department of Public Safety, filed the instant petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Petitioner asserts that his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution have been violated. See Pet. (DE 1).

On November 15, 2016, this court reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This court determined that it did not clearly appear from the face of the petition that petitioner was entitled to no relief. This

---

[1] Petitioner has named "State of North Carolina" as respondent in this action. See Pet. (DE 1) at 1. The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. Respondent represents that Erik A. Hooks ("Hooks") is the Secretary of the North Carolina Department of Public Safety. See Mot. Summ. J. (DE 19) at 1 n.1. Therefore, Hooks is the proper respondent in this action.

court allowed the matter to proceed and directed the Clerk of Court to maintain management of the matter.

On January 6, 2017, respondent filed its answer and a motion for summary judgment. In support of its motion, respondent relies upon the following: statement of material facts (DE 20); State indictments (DE 21-1, 21-2); correspondence between petitioner and counsel (DE 21-3); transcript of plea (DE 21-4); felony judgment findings of aggravating and mitigating factors (DE 21-5); worksheet for prior record level for felony sentencing (DE 21-6); judgment and commitment (DE-21-7); MAR (DE 21-8); MAR order (DE 21-9); petition for writ of certiorari (DE 21-10); and order dismissing petition for writ of certiorari (DE 21-11).

On February 2, 2017, petitioner filed a memorandum in opposition (DE 24), an opposing statements of material facts (DE25), and an appendix to his statement of the facts (DE 26). To support his statement of the facts, petitioner relies upon the following documents: letter to Judge "Ammonds" (DE 26-1) at 1; February 10, 2016, incident report (DE 26-1) at 3-4; Magistrate's Order, Case No. 15CR 052689 (DE 26-1) at 5-6; arrest warrant, Case No. 01CR 059288 (DE 26-1) at 7; CCDC Disciplinary Committee Inmate Hearing Decision (DE 26-1) at 9-10; N.C. Judicial Standards Commission letter (DE 26-1) at 12; motion for probable cause hearing (DE 26-1) at 13-14; Memorandum from Judge Ammons (DE 26-1) at 15; letter from counsel (DE 26-1) at 16-18; case supplemental report (DE 26-1) at 19-20; letter to Clerk of Court (DE-26-1) at 21; letter to counsel (DE-26-1) at 22-24; letter from counsel (DE-26-1) at 25-26; Fayetteville Police Department notes (DE-26-1) at 29; Magistrate's Order, Case No. 15CR 052690 (DE-26-1) at 30-31; indictments (DE-26-1) at 32, 34-35, 37-44; victim letter (DE-26-1) at 45; and affidavit from Taneisha Dennings (DE-26-1) at 46-50.

## STATEMENT OF THE FACTS

The facts, as established by the record before this court, are as follows:  On February 9, 2015, a grand jury in Cumberland County, North Carolina indicted petitioner with one count of burning personal property, in violation of N.C. Gen. Stat. § 14-66; one count of misdemeanor resisting, delaying or obstructing a public officer, in violation of N.C. Gen. Stat. § 14-223; and one count of having attained the status of habitual felon, in violation of N.C. Gen. Stat. § 14-7.1.  All charges were based on an incident taking place on May 25, 2014.  See App. (DE 21) Ex. 1 (State v. Jennings, No. 14 CRS 56224 indictments).

On September 14, 2015, a grand jury in Cumberland County, North Carolina indicted petitioner with two counts of possession of a firearm by a convicted felon, in violation of N.C. Gen. Stat. § 14-415.1; and two counts of having attained the status of a habitual felon, in violation of N.C. Gen. Stat. § 14-7.1.  All charges were based on an incident taking place on March 4, 2015.  See App. (DE 21) Ex. 2 (State v. Jennings, No. 15 CRS 52689-90 indictments).

The plea offer that was pending when appointed counsel took over petitioner's case was an active sentence of 101 months to 134 months incarceration.  See App. (DE 21) Ex. 3 at 4. Petitioner's appointed counsel, Eric L. Johnson,[2] negotiated an agreed upon disposition to the charges, which consisted of a consolidated sentence of 76 months minimum and 104 months

---

[2] Respondent represents that petitioner was originally represented by a public defender, but a conflict arose and counsel was appointed.  See Stat. Mat. Facts (DE 20) at 2 n.3

maximum active incarceration. <u>See</u> App. (DE 21) Ex 3.[3] This agreed upon sentence fell at the bottom of the mitigated range for a Class C felony. <u>See</u> App. (DE 21) Ex 3.

The State had evidence, a video of a March 3, 2015 incident, which could have supported additional charges and resulted in a longer period of incarceration for petitioner.[4] <u>See</u> App. (DE 21) at 4. The State agreed, however, to forego additional charges in exchange for petitioner's plea. <u>See</u> App. (DE 21) Ex. 3 at 4. The State also agreed to forego consecutive sentences in exchange for petitioner's plea. <u>See</u> App. (DE 21) Ex. 3 at 4. The State agreed to forego proof of aggravating factors, and even agreed to the existence of a mitigating factor. <u>See</u> App. (DE 21) Ex. 3 at 4; Ex. 5. Finally, the State agreed to a sentence at the very lowest end of the mitigated range for petitioner's felony grade and prior record level. <u>See</u> App. (DE 21) Ex. 3 at 4.

The State agreed to dismiss one count of misdemeanor resisting, delaying or obstructing a public officer, in violation of N.C. Gen. Stat. § 14-223, and also agreed to a consolidated minimum sentence of 76 months and a maximum sentence of 104 months of active incarceration. <u>See</u> App. (DE 21). The State agreed to the existence of one mitigating factor. <u>See</u> App. (DE 21) at Ex. 5. In particular, the State agreed that petitioner had "accepted responsibility for [his] criminal conduct." <u>See</u> App. (DE 21) Ex. 5 at 3. With respect to sentencing, the parties agreed that petitioner had 16 prior record points and a Prior Record Level of V. <u>See</u> App. (DE 21) at Ex. 6. The parties agreed

---

[3] Correspondence between petitioner and his appointed counsel was attached to petitioner's motion for appropriate relief that was filed on June 21, 2016. <u>See</u> App. (DE 21) Ex. 8 at 46-50.

[4] The additional charges, which could have been supported by the video, include possession of a firearm by a convicted felon and attempt to discharge a firearm into an occupied vehicle, in addition to other charges. <u>See</u> App. (DE 21) Ex 3. at 4.

4

to a consolidated single active sentence in the mitigated range for a habitualized Class G felon[5] with a Prior Record Level of V.  See App. (DE 21) Ex. 6.

On March 10, 2016, petitioner pleaded guilty, before Superior Court Judge Claire V. Hill ("Judge Hill"), in accordance with his plea agreement.[6]  See App. (DE 21) Ex. 4 (transcript of plea). Judge Hill described the charges against petitioner, including the maximum punishments and mandatory minimum punishments he faced, and the possibility of consecutive sentences. See App. (DE 21) Ex. 4 ¶ 12.  Judge Hill specifically asked petitioner if he was, in fact, guilty, and he acknowledged that he was.  See Stat. Mat. Facts (DE 21) Ex. 4 ¶ 14.

Petitioner admitted, both in writing and under oath, that he had been asked the legally-required questions in open court and his responses were accurately transcribed in the Transcript of Plea; no one had told him to give false answers in order to have the court accept his plea; and the terms and conditions of the plea, as stated in the Transcript of Plea, were accurate.  See App. (DE 21) Ex. 4 at 4 (Acknowledgment by Defendant).

Petitioner's counsel certified that the terms and conditions of the plea transcript were accurate and had been agreed to by petitioner and himself, and he had "fully explained to [petitioner] the nature and elements of the charges to which [he plead] and the aggravating and mitigating factors and prior record points for sentencing, if any."  See App. (DE 21) Ex. 4 at 4 (Certification by Lawyer for Defendant).

---

[5] To "habitualize" a Class G felony means that defendant is sentenced "at a felony class level that is four classes higher than the principal felony for which the person was convicted."  See N.C. Gen. Stat. § 14-7.6 (2013). In this case, petitioner's principal felonies were Class C felonies.

[6] Petitioner pleaded guilty to the following: one count of burning personal property, in violation of N.C. Gen. Stat. § 14-66; two counts of possession of a firearm by a convicted felon, in violation of N.C. Gen. Stat. § 14-415.1; and three counts of having attained the status of a habitual felon, in violation of N.C. Gen. Stat. § 14-7.1.  See App. (DE 21) Ex. 4.

The State certified that the terms and conditions, as stated in the Transcript of Plea, were the terms and conditions that were agreed to by petitioner, his lawyer, and the State. <u>See</u> Appx. (DE 21) Ex. 4 at 4 (Certification by Lawyer for Defendant and Certification by Prosecutor).

Judge Hill made the following findings: there was a factual basis for petitioner's plea; petitioner was satisfied with his counsel's legal services; petitioner was competent to stand trial; and petitioner's plea was an informed choice that was made freely, voluntarily, and understandingly. <u>See</u> App. (DE 21) Ex. 4 at 6. Pursuant to the plea agreement, petitioner stipulated to his prior convictions, to the 16 sentencing points, and to the prior record level of V. <u>See</u> App. (DE 21) Ex. 6 at 2 (Worksheet).

Judge Hill sentenced petitioner, consistent with his plea agreement, as a Class C felon (Class G habitualized) with a prior record level V to single active terms of imprisonment, in the mitigated range, with a minimum term of 76 months and a maximum term of 104 months, and gave him credit for 294 days of pretrial incarceration. <u>See</u> App. (DE 21) Ex. 7 (Judgment and Commitment Active Punishment - Felony Structured Sentencing, <u>State v. Dennings</u>, Case Nos. 14 CRS 56224, 15 CRS 52689-90). Petitioner did not give oral notice of appeal in open court, and he did not file a written notice of appeal with the Clerk of Court within 14 days of his sentencing. <u>See</u> Pet. (DE 1) ¶ 8.

On May 18, 2016, petitioner filed the instant petition, in which he presents the following claims: 1) his trial counsel provided ineffective assistance by forcing him to plead guilty; 2) his trial counsel provided ineffective assistance by failing to file motions for a bail reduction, a probable cause hearing, or a prayer for judgment, and also for failing to object to improper orders from the magistrate judge; 3) his privilege against self-incrimination was violated when law enforcement failed to read him his <u>Miranda</u> rights, and he incriminated himself, which resulted in additional

charges; and 4) he was subjected to an "unlawful arrest" based on an improper magistrate judge's order. See Pet. (DE 1).

On June 21, 2016, petitioner filed a Motion for Appropriate Relief ("MAR") with the Cumberland County Superior Court. See App. (DE 21) Ex. 8. In his MAR, petitioner alleged as follows: a) his trial counsel provided ineffective assistance by failing to press for a probable cause hearing; b) his guilty plea was not freely, voluntarily, and understandingly made because his trial counsel refused to defend him and forced him to plead guilty; c) his right against self-incrimination was violated when he was not provided his Miranda warnings, and he incriminated himself; d) he was unlawfully arrested because the magistrate judge's orders were not properly signed; e) his prior record level was not properly calculated; and f) he was placed in double jeopardy. See App. (DE 21) Ex. 8 (MAR).

On July 5, 2016, Judge Hill concluded that the MAR was without merit and denied it. See App. (DE 21) Ex. 9 (MAR Order, State v. Dennings, Case Nos. 14 CRS 56224 15 CRS 52689-90). In particular, Judge Hill found that there was a factual basis for petitioner's guilty plea. The plea was petitioner's informed choice, and it was made freely, voluntarily, and understandingly. Petitioner's sentence was not excessive, cruel, or unusual, and it fell within statutory limits. Petitioner was represented by competent counsel, who afforded him effective, reasonable, and professional representation throughout the proceedings. Petitioner's claim that his right to a probable cause hearing was violated was meritless because he stipulated that there was a factual basis for the entry of his plea. Finally, petitioner's other allegations were determined to be frivolous and without merit.

On July 13, 2016, petitioner filed a petition for writ of certiorari with the Supreme Court of North Carolina, seeking review of Judge Hill's July 5, 2016 denial of his MAR. See App. (DE 21)

Ex. 10 (petition for writ of certiorari, <u>State v. Dennings</u>, No. 362P15-2).  On September 22, 2016, the Supreme Court of North Carolina dismissed the petition for writ of certiorari.  <u>See</u> App. (DE 21) Ex. 11 (order dismissing petition for writ of certiorari, <u>State v. Dennings</u>, No. 362P15-2).

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial."  <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87 (1986) (internal quotations omitted).  Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Id.</u> at 249.  In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." <u>Id.</u> at 255; <u>see</u>

United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.      Analysis

1.      Petitioner's claims are unexhausted and procedurally defaulted.

A state prisoner must exhaust the remedies available in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement compels a habeas petitioner to provide the state courts with a "full and fair opportunity" to resolve federal constitutional claims prior to presenting them in a habeas petition in federal court O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Violations of state law may not form the basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A habeas petitioner bears the burden of proving that his state remedies have been exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

A petitioner convicted in North Carolina may satisfy the exhaustion requirement of § 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-27, 7A-31, 7A-32, 15A-1422(c)(3).

A claim that has not been adequately presented to the state courts may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner now attempted to present it. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A claim treated as exhausted and consequently procedurally defaulted because it now would be procedurally barred in state court can overcome the default if the petitioner can demonstrate cause for the default and actual prejudice attributable thereto, or demonstrate that a failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must show something external prevented him from complying with the state procedural rule. Coleman, 501 U.S. at 753. A showing of prejudice requires a petitioner to show he was actually prejudiced by the errors of which he complains. United States v. Frady, 456 U.S. 152, 168 (1982); see Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996) (concluding that in order to show prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different) (citation omitted). A fundamental miscarriage of justice occurs only in extraordinary cases, such as "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Rodriquez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990).

In this case, petitioner attacked his guilty plea through the filing of a MAR. See App. (DE 21) Ex. 8. When that was denied, petitioner filed a petition for writ of certiorari with the Supreme Court of North Carolina, see App. (DE 21) Ex. 10, not with the North Carolina Court of Appeals as is required by N.C. Gen. Stat. § 15A-1422(c)(3). The petition was dismissed. See App. (DE 21) Ex. 11. In North Carolina, where the time for an appeal has expired and a criminal defendant has no appeal pending, the trial court's ruling on a MAR is subject to review "by writ of certiorari." See N.C. Gen. Stat. § 15A-1422(c)(3). If defendant has been convicted of first-degree murder and sentenced to death, the petition for certiorari to review orders of the trial court denying a MAR "shall be filed in the Supreme Court" but "[i]n all other cases such petitions shall be filed in and determined by the Court of Appeals, and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases." N.C. R. App. P. 21(e) (2015). "Decisions of the Court of Appeals upon review of motions for appropriate relief listed in [N.C. Gen. Stat.] § 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." N.C. Gen. Stat. § 7A-28(a) (2015).

In this case, petitioner explains that he failed to exhaust his state remedies "[b]ecause [he] was not given the package of a petition, application or motion to do so." See Pet. (DE 1) ¶ 11. This explanation must fail because ignorance of the law does not demonstrate cause. See Coleman, 501 U.S. at 753 (noting that "cause" must be something that is external to petitioner); see also Rodriquez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991) (holding that a party's pro se status or ignorance of the law do not constitute "cause"). Thus, petitioner has not shown that he has overcome the procedural default of his claims.

Petitioner failed to comply with the appellate rules governing review of the trial court's denial of his MAR and improperly filed it in the Supreme Court of North Carolina. If petitioner now attempted to return to the North Carolina Court of Appeals and file a petition for writ of certiorari seeking review of the trial court's July 5, 2016 denial of his MAR, such filing would be well over a year post-ruling. Thus, the North Carolina Court of Appeals could justly dismiss the petition pursuant to N.C. R. App. P. 21(e) as unreasonably delayed. Therefore, respondent is entitled to summary judgment.

C.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and respondent is entitled to summary judgment, the court considers whether petitioner is nonetheless entitled to a certificate of appealability.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason

would find it debatable whether the petition states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. 485.

In light of the applicable standard, the court finds that petitioner has not demonstrated that jurists of reason would find it debatable whether this court was correct in its procedural ruling. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 19) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 18th day of September, 2017.


_____
LOUISE W. FLANAGAN
United States District Judge